JAMES A. HARRIS AND WIFE, MARY FRANCES HARRIS, v. FANNIE LOU BINGHAM.

(Filed 10 April, 1957.)

**1. Fraud § 5—**

A person signing a written instrument is under duty to read same for his own protection, and is charged with knowledge of its contents in the absence of mistake, fraud or oppression.

**2. Negligence § 11—**

The right to assume that another will exercise due care is not absolute, but when a person realizes that another has violated a duty which imperils him, he must be vigilant in attempting to avoid injury to himself.

**3. Brokers § 6—Where owner signs contract to sell realty without reading it he may not hold broker liable for failure of contract to disclose that land was subject to highway easement.**

Plaintiffs alleged that they advised defendant broker that their land was subject to a right-of-way for a highway, that the broker procured a prospective purchaser and prepared a contract of sale stating that the land was subject to easements for public utilities solely, that plaintiffs signed the writing without reading it and that thereafter the prospective purchaser refused to consummate the sale upon learning that the land was subject to the easement for the highway, that plaintiffs were forced to sell to another at a price less than that which had been offered by the broker's prospect, to the plaintiffs' damage in the amount of the difference. There was no allegation that the actual sale was for less than the value of the land burdened with the easements. *Held:* Demurrer was properly sustained, since plaintiffs are charged with full knowledge of the contents of the contract of sale signed by them, and further, since it appears that the higher offer was based on the property only if it were free of the highway easement, and therefore the allegations do not support the conclusions of damage.

**4. Pleadings § 15—**

A demurrer admits the truth of allegations of fact contained in the complaint, but it does not admit the legal conclusion of damage based on such facts.

APPEAL by plaintiffs from *Sharp, S. J.,* 7 January 1957, Special Civil Term. MECKLENBURG.

Civil action to recover damages from a broker heard upon a demurrer.

This is a summary of the complaint's allegations: Plaintiffs owned a house and tract of land in Mecklenburg County, which they placed for sale with defendant, who held herself out to the public as skilled in the business of a real estate broker. Plaintiffs explained to the defendant that a portion of the property was subject to a right-of-way for a road, and pointed it out to her. Defendant procured M. F. Stumpf to agree orally to buy the property for $28,000.00. Defendant drafted a

contract of purchase and sale of the property between plaintiffs and Stumpf, which stated the property was free of all easements, except those for public utilities. Plaintiffs, relying upon the special skill and knowledge of the defendant, and being unacquainted with "terminology," employed in real estate contracts, signed the contract. Plaintiffs, relying upon the contract of sale and purchase with Stumpf, entered into a written contract to buy a house. Before the date set for completing the sale to Stumpf, he notified the plaintiffs that he had discovered that the land was burdened with an easement for a roadway across a part of the property, that the contract of purchase and sale recited the property was free of all easements, except those for public utilities, and he declined to go through with the contract of purchase.

Plaintiffs, being obligated by written contract to buy another house, were forced to find an immediate purchaser for the house and land Stumpf had contracted to buy, and after diligent efforts, they sold the property for $24,000.00. Plaintiffs' loss of $4,000.00 was proximately caused by defendant's negligence in not exercising reasonable care and skill in drafting the contract between them and Stumpf and in not possessing the requisite skill and knowledge possessed by other real estate brokers. Wherefore, plaintiffs pray for a recovery of $4,000.00 against the defendant.

The defendant filed a written demurrer.

From a judgment sustaining the demurrer upon the ground the complaint does not state facts sufficient to constitute a cause of action, plaintiffs appeal.

*McDougle, Ervin, Horack & Snepp by R. B. McKnight, Jr. for Plaintiffs, Appellants.*

*No Counsel for Defendant.*

PARKER, J. Plaintiffs signed a contract drafted by defendant as their real estate broker to convey a house and tract of land owned by them to M. F. Stumpf, which property the contract stated was free of all easements, except those for public utilities. When Stumpf discovered that a portion of the tract of land was subject to a right-of-way for a road, and that plaintiffs could not convey to him the property free of all easements, except those for public utilities, as they had contracted to do, he refused to consummate the purchase.

There is no allegation in the complaint that plaintiffs did not read the contract, or that they are unable to read, or that they were induced to sign the contract by fraud or deception, or that they were misled as to its contents. "The duty to read an instrument or to have it read

before signing it, is a positive one, and the failure to do so, in the absence of any mistake, fraud or oppression, is a circumstance against which no relief may be had, either at law or in equity." *Harrison v. R. R.*, 229 N.C. 92, 47 S.E. 2d 698.

This Court said in *Williams v. Williams*, 220 N.C. 806, 18 S.E. 2d 364: "In this State it is held that one who signs a paper writing is under a duty to ascertain its contents, and in the absence of a showing that he was wilfully misled or misinformed by the defendant as to these contents, or that they were kept from him in fraudulent opposition to his request, he is held to have signed with full knowledge and assent as to what is therein contained."

The right to rely upon the assumption that another will exercise due care is not absolute, *Union Trust Co. v. Detroit, G. H., & M. R. Co.*, 239 Mich. 97, 214 N.W. 166, 66 A.L.R. 1515, and must yield to the realities of the situation to the extent that if the plaintiff observes a violation of duty which imperils him, he must be vigilant in attempting to avoid injury to himself, *Graff v. Scott Bros.*, 315 Pa. 262, 172 A. 659; 38 Am. Jur., Negligence, Sec. 192. If the defendant were guilty of negligence in failing to exercise reasonable care and skill as a real estate broker in drafting the contract of sale, a question not necessary for us to decide here, the plaintiffs are charged with full knowledge and assent as to the contents of the contract they signed, and they had actual knowledge that the property was not free of all easements, except those for public utilities, as stated therein. Plaintiffs charged with full knowledge that they could not convey title to the property, as they had contracted to do, entered into another contract to buy another house, evidently intending to pay for it in whole or in part with the purchase money received from Stumpf.

It is manifest that, if the defendant had recited in the contract of sale that a portion of the property was burdened with an easement for a roadway across it, Stumpf would not have purchased the property. Clearly, Stumpf's oral offer of $28,000.00 for the property was for property free of all easements, except those for public utilities. Plaintiffs allege that when Stumpf refused to go through with the purchase, they were forced to sell the property for $24,000.00, but they do not allege it brought less than it was worth, subject, as it was, to a right-of-way for a road across a portion of it. Plaintiffs have alleged no ultimate facts showing any damage to themselves. The demurrer admits the truth of allegations of fact contained in the complaint, but does not admit the legal conclusion that plaintiffs were damaged in the sum of $4,000.00. *McKinley v. Hinnant*, 242 N.C. 245, 87 S.E. 2d 568.

Plaintiffs were guilty of utter heedlessness in signing the contract to convey the property to Stumpf with the statements therein as to easements. They cannot avoid their own heedlessness in executing and

relying upon this contract, and then, call that heedlessness someone else's negligence. Plaintiffs' damage, if any, is in effect self-inflicted.

Affirmed.