ARCHIE ROSE v. HERRING TRACTOR & TRUCK CO. AND INTERNATIONAL HARVESTER COMPANY

No. 798SC1034

(Filed 15 July 1980)

**Automobiles § 68.1– accident caused by defective brakes – plaintiff negligent as matter of law**

　　In an action to recover damages resulting from an accident involving a truck manufactured by one defendant and sold to plaintiff by the other defendant, the trial court properly directed verdict for defendants where the evidence tended to show that plaintiff was negligent as a matter of law because plaintiff's employee continued to drive the truck on a public highway with knowledge that the brakes were not in proper working order and were unsafe. G.S. 20-124.

APPEAL by plaintiff from *Barefoot (Napoleon B.), Judge.* Judgment entered 8 June 1979 in Superior Court, WAYNE County. Heard in the Court of Appeals 22 April 1980.

This is a civil action against defendants, Herring Tractor and Truck Company (herein "Herring Tractor") and International Harvester Company, wherein, the plaintiff, owner of a trucking company involved in hauling products, seeks to recover damages resulting from an accident that occurred on 1 September 1976 involving one of his trucks which was manufactured by defendant International Harvester Company and sold to plaintiff by Herring Tractor on 24 February 1976. The plaintiff's evidence tends to show that within two weeks of the purchase of the vehicle, plaintiff became aware that there was a loss of air when the brakes were applied and complaints were made to defendant Herring Tractor about the malfunctioning of the brakes as indicated by the brake light and the loss of air. The tractor was involved in a first unrelated accident which caused the tractor to be in the repair shop from 20 May 1976 to 26 July 1976. In August 1976, the truck was taken to Herring Tractor for brake repairs. On Sunday, 29 August 1976, Timmy Phelps, an employee and driver of Rose Poultry Company, took the tractor for a test drive. As stated by Phelps:

　　"I took it down Highway 117 South and my wife was with me. When I put on the brakes, I would lose air and it

had a bumping to it. I felt like there was a hard knot and it kept on and it felt like you were running over rocks or something like that. As to what effect it had on my ability to control the truck, you just could not stop it like it should stop. It was unsafe.

When I got back, I told Mr. Rose that the brakes were losing air and that they had a knock in it and that it was unsafe to drive. It would bump when you put on the brakes and it felt like it was bumping and it was losing air. When I applied the brake, it would have a hissing sound and the air pressure was dropping and the truck would not stop."

Dennis Rose took the tractor back to Herring Tractor on Monday, 30 August 1976, for brake repairs. The repair order of 30 August 1976 indicated, "Check DOST 121 brakes for not holding properly, check all air valves for not braking together, found okay." The tractor was picked up by Dennis Rose on 30 August 1976. He was assured by Ronald Grant and Donald Page of Herring Tractor that the truck was "okay" when he picked it up; however, when Dennis Rose picked up the truck on the evening of 30 August 1976, and drove the truck back to Goldsboro, he noticed that "the brakes were the same way." Nonetheless, on the next day, 31 August 1976, Dennis Rose told Timmy Phelps to take the truck to Patterson, New Jersey. Timmy Phelps testified that:

"... I picked it up on Tuesday and I drove it on Tuesday. I had the same problems on Tuesday that I had with it when I road-tested it on Sunday. My boss told me to go to Patterson, New Jersey and I went. I knew in my mind that I still had the same problem with it and in my opinion the vehicle was unsafe."

While returning from New Jersey, the defendant had an accident in LaPlanta, Maryland, which accident allegedly resulted from brake failure.

At trial, the defendant moved for a directed verdict at the end of the plaintiff's evidence and this motion was granted by the trial court.

---

Rose v. Truck Co.

---

*Barnes, Braswell & Haithcock by Michael A. Ellis and W. Timothy Haithcock for plaintiff appellant.*

*Taylor, Warren, Kerr & Walker by Robert D. Walker, Jr. and John H. Kerr III for defendant appellee, Herring Tractor and Truck Company.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan by C. Ernest Simons, Jr. for defendant appellee, International Harvester Company.*

CLARK, Judge.

The plaintiff does not bring forth any argument or assignment of error or make any argument in his brief on the issues of breach of warranty or on the question of liability of International Harvester. The plaintiff therefore waives any assignment of error on these questions. N.C. App. R. 28; *Crockett v. First Federal Savings and Loan Association,* 289 N.C. 620, 224 S.E. 2d 580 (1976); *State v. Wilson,* 289 N.C. 531, 223 S.E. 2d 311 (1976).

The only question properly raised for review by this Court is whether the trial court erred in directing a verdict for the defendants. The defendants contend that the plaintiff was guilty of negligence as a matter of law because plaintiff's employee continued to drive the tractor on a public highway with knowledge that the brakes were not in proper working order and were unsafe. On the other hand, plaintiff contends that he was not contributorily negligent because he was acting in reasonable reliance upon the statements or representations of the employees of Herring Tractor that the tractor brakes were in proper working order. We do not agree with plaintiff's contentions.

"The right to rely upon the assumption that another will exercise due care is not absolute ... and must yield to the realities of the situation to the extent that if the plaintiff observes a violation of duty which imperils him, he must be vigilant in attempting to avoid injury to himself." *Harris v. Bingham,* 246 N.C. 77, 79, 97 S.E. 2d 453, 455 (1957). "[W]here a

person *sui juris* knows of a dangerous condition and voluntarily goes into the place of danger, he is guilty of contributory negligence, which will bar his recovery." *Dunnevant v. R.R.*, 167 N.C. 232, 234, 83 S.E. 347, 348 (1914); *Cook v. Winston-Salem*, 241 N.C. 422, 85 S.E. 2d 696 (1955), (quoting the above language, held nonsuit properly allowed at close of plaintiff's evidence). There is no dispute about the relevant facts as quoted in the statement of facts above: plaintiff's partner and employee both knew of the defective condition of the brakes and nonetheless caused the tractor to be operated on a public highway. "Here, according to plaintiff's [evidence], the alleged known defective condition was obvious, not latent; and such defective condition was of such nature that the hazards reasonably foreseeable from the continued use and operation of the [tractor] were patent." *Nationwide Mutual Insurance Co. v. Don Allen Chevrolet Co.*, 253 N.C. 243, 251, 116 S.E. 2d 780, 786 (1960). The willingness of plaintiff's employee-driver and partner-owner to operate the tractor on a public highway with defective or malfunctioning brakes and knowledge thereof is negligence as a matter of law. G.S. 20-124; *Wilcox v. Glover Motors, Inc.*, 269 N.C. 473, 153 S.E. 2d 76 (1967) (duty on both owner and driver who have knowledge); *Tysinger v. Coble Dairy Products*, 225 N.C. 717, 36 S.E. 2d 246 (1945). The entry of directed verdict for the defendant was proper.

Affirmed.

Judges VAUGHN and MARTIN (Harry C.) concur.