INDUSTRIAL LOAN AND INVESTMENT BANK v. E. F. DARDINE,
MRS. AMELIA J. DARDINE, AND AGNES V. DARDINE.

(Filed 1 January, 1935.)

**1. Fraud A e—**

   Ignorance of the contents of an instrument is no defense in an action on the instrument against a party signing same where such party is able to read and no fraud is alleged.

**2. Bills and Notes G b: Evidence J a—**

   Evidence of a parol contemporaneous agreement that a person signing a note should not be obligated thereon in any way is incompetent, even as against the payee, the parol evidence being in contradiction of the written instrument.

**3. Bills and Notes A a—**

Forbearance to institute an action to set aside a conveyance from a husband to his wife as being voluntary is a valuable consideration and will support their promissory note, and the wife's contention that she received no consideration for the note is untenable.

APPEAL from *Devin, J.,* at Special Term, 1934, of MECKLENBURG. Affirmed.

This action was originally instituted by the plaintiff bank against the three defendants and voluntary nonsuits subsequently taken as to E. F. Dardine and Agnes V. Dardine.

The action was to recover a balance due upon a promissory note dated 15 December, 1930, payable to the plaintiff bank, for the sum of $6,900, upon which $498.00 has been paid.

The defendant Mrs. Amelia J. Dardine admits that she signed a certain paper-writing, but avers in her further answer that, if in fact and in truth the instrument she signed was the note sued on, she did not know the contents thereof; and that she was assured by the plaintiff that the signing of the paper by her "was purely a matter of form and that she would not be obligated in any way in connection therewith"; and that she "received no consideration in connection therewith or any part of the proceeds thereof."

His Honor charged the jury, in effect, that if they found the facts to be as shown by all the evidence they should answer the issue of indebtedness in favor of the plaintiff.

From judgment for the plaintiff, the defendant Mrs. Amelia J. Dardine appealed, assigning errors.

*H. L. Taylor for defendant.*
*Stewart & Bobbitt for plaintiff.*

SCHENCK, J. The assignments of error present but the single question: Did the court err in charging the jury as indicated?

The defense that she did not know the contents of the instrument at the time she signed it cannot avail the defendant in the face of her own testimony that "I can read. . . . He (her husband and codefendant) asked me, 'Dear, please sign that for me,' and I did it." It was the defendant's duty to have read, or to have had read to her, the contract, or note, and her failure to do so, in the absence of fraud, is negligence for which the law affords no redress. *Colt Company v. Kimball,* 190 N. C., 169, and authorities there cited.

The defense that she relied upon the representation of the bank that the signing of the paper was "purely a matter of form and she would not be obligated in any way in connection therewith" likewise cannot

avail the defendant, since any oral agreement on the part of the bank to relieve her from payment of the note was merged in the written contract, the note itself, and she cannot be heard to vary the latter by evidence of the former. In *Bank v. Moore,* 138 N. C., 529, it is written: "The only defense attempted amounts in substance to this: That though the defendant executed his note and received a valuable consideration for same, there was an understanding and agreement at the time that payment should never be enforced or demanded. All the authorities are agreed that such a defense is not open to the defendant."

The defense that she "received no consideration, . . . or any part of the proceeds" of the note must also fail, since it appears from all the evidence that the note sued upon was given to the payee bank to withhold instituting action against the defendant and her husband to have declared void an alleged voluntary conveyance to her from him in fraud of his creditors. The forbearance to institute this action was sufficient consideration for the note. "In a legal sense, a valuable consideration may consist in some right, interest, or benefit accruing to one party, or in some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other." *Bank v. Harrington,* 205 N. C., 244.

We conclude that the charge below was fully sustained and warranted by the law and evidence in the case.

No error.