This is an action brought by plaintiff against defendant to recover for certain rent of a filling station. The defendant set up a receipt, dated 3/20/31, addressed to Standard Oil Co. of N. J., Charlotte, N.C. Gentlemen: "We, the undersigned, D. J. Breece, owner and lessor of that certain piece of property located in the city of Fayetteville, known as the `Person Street Filling Station,' and C. H. Farrell, the lessee of the said service station, hereby acknowledge payment from the Standard Oil Company of rent in advance on the said Person Street Filling Station in the sum of $1,500.00 to be applied on the basis of 1c per gallon on the gasoline and other motor fuel sold through the said station from the date that certain sublease from C. H. Farrell to Standard Oil Company of New Jersey, dated February 27, 1931, becomes effective until 150,000 gallons have been sold. Or otherwise refunded. It is further understood and agreed that the rights of the Standard Oil Company of New Jersey under the sublease given it by Mr. C. H. Farrell shall not be in any way annulled or abrogated until there has been sold through *Page 212 
this service station 150,000 gallons of `Standard' gasoline and Esso, and that no additional rental will be required of the Standard Oil Company of New Jersey by either Mr. C. H. Farrell or Mr. D. J. Breece, until after the sale of the 150,000 gallons of `Standard' Gasoline and Esso through the station. Or otherwise refunded.
 C. H. FARRELL, "H. T. SAWYER, D. J. BREECE. H. T. SAWYER."
The plaintiff set up the plea that the receipt was obtained by fraud and deceit. The $1,500 has not been paid in cash or otherwise refunded, or paid by the payment of 1c per gallon of gasoline. The $1,500 was advanced on the basis of this receipt.
Defendant, at the close of plaintiff's evidence and at the close of all the evidence, made motions in the court below for judgment as in case of nonsuit (C. S., 567). The motion was granted at the close of all the evidence. The plaintiff excepted, assigned error, and appealed to the Supreme Court.
This cause has heretofore been before this Court, Breece v. Oil Co.,209 N.C. 527. At p. 530 we said: "The allegations in plaintiff's reply setting forth the fraud is well pleaded. Whether on a trial it can be substantiated is another question."
We do not think that on the trial the plaintiff's plea of actionable fraud or deceit can be sustained. Plaintiff could read and write, was an intelligent man, had been in business for 55 years, was formerly a school teacher, has served as United States Commissioner for 12 years, and now holds said office. There was no trick or connivance to prevent him from reading the receipt which he signed. Colt v. Kimball, 190 N.C. 169;Dorrity v. Building Loan Assn., 204 N.C. 698. Allegation without proof is as unavailing as proof without allegation.
The judgment of the court below is
Affirmed. *Page 213