PAUL BILLINGS v. JOSEPH HARRIS COMPANY, INC.

No. 7523SC596

(Filed 17 December 1975)

1. **Uniform Commercial Code § 15— disclaimer of liability — requirements for validity**

   A disclaimer of liability serves to limit liability by reducing instances where a seller may be in breach, while a limitation or modification is a restriction on available remedies in event of breach; to be valid under G.S. 25-2-316(2), a disclaimer provision must be stated in express terms, mention "merchantability" in order to disclaim the implied warranty of merchantability, and be conspicuously displayed.

2. **Uniform Commercial Code § 4— "conspicuousness" defined**

   G.S. 25-1-201(10) defines "conspicuousness" as that which is so written that a reasonable person against whom it is to operate ought to have notice of it, and determination of conspicuousness is a question of law for the court.

3. **Agriculture § 9.5; Uniform Commercial Code § 15— purchase of cabbage seed — disclaimer and limitation clause — conspicuousness**

   Defendant's disclaimer and limitation clause on a purchase order for cabbage seed was conspicuous and complied with G.S. 25-2-316(2) where the clause was set off from other provisions on the form, was titled "NOTICE TO BUYER," appeared in bold face, all capital print, and stated that defendant seller " . . . makes no warranties, express or implied, of merchantability, fitness for purpose, or otherwise, . . . and in any event its liability for breach of any warranty or contract with respect to such seeds or plants is limited to the purchase price of such seeds or plants."

4. **Agriculture § 9.5; Uniform Commercial Code § 15— disclaimer of liability — sale of seeds — limitation of remedy to return of purchase price**

   A merchant seller may disclaim all liability under G.S. 25-2-316(2) stemming from any breach of warranties of merchantability and fitness under G.S. 25-2-314 and G.S. 25-2-315, substituting in place thereof the limitations of G.S. 25-2-719(1)(a); and given the inherent element of risk present in all agricultural enterprises, such a clause,

valid under G.S. 25-2-316(2) and G.S. 25-2-719, may operate to limit a buyer's remedy to a return of purchase price.

**5. Uniform Commercial Code § 15— limitation of liability — commercial loss — no unconscionability**

There is no presumption of unconscionability as to any disclaimer or limitation of liability in cases of commercial loss, and determination of unconscionability is a question of law for the court. G.S. 25-2-719(3); G.S. 25-2-302(1).

**6. Agriculture § 9.5; Uniform Commercial Code § 15— seed purchase — liability limited to cost of seed — no unconscionability**

A provision in a purchase order for cabbage seed limiting defendant's liability to the purchase price of the seeds was not unconscionable.

APPEAL by plaintiff from *Wood, Judge*. Judgment entered 14 April 1975 in Superior Court, ALLEGHANY County. Heard in the Court of Appeals 22 October 1975.

In this action plaintiff seeks to recover $50,000 for damages allegedly sustained because of defective cabbage seed sold him by defendant. In his complaint, filed 1 July 1971, he alleges:

Plaintiff is engaged in farming in Alleghany County, North Carolina, and for many years was engaged in the business of growing and harvesting cabbage on a commercial basis. On or about 5 January 1971, plaintiff placed an order with defendant for the seed to plant 50 acres of cabbage and pursuant to the order defendant shipped the seed to plaintiff. Plaintiff sowed the seed in plant beds and thereafter transplanted plants grown from the seeds to 50 acres of land properly prepared to grow cabbage. Although plaintiff exercised due care in planting, fertilizing, and cultivating his crop, all of the cabbage rotted before time for harvesting. The rot was caused by a seed borne disease known as "Black Leg" or *Phoma Lingam*. The crop was a total loss.

On the ground of diversity jurisdiction, defendant had the action removed to U. S. District Court for the Western District of North Carolina. Defendant then filed answer denying material allegations of the complaint and in a further answer alleged:

In August of 1970, plaintiff purchased from defendant 28 pounds of Harris Market Prize cabbage seed at a cost of $20 per pound, a total of $560.00. In December following, plaintiff, in writing, changed the order to three pounds of Harris

Billings v. Harris Co.

Market Prize seed and 20 pounds of King Cole cabbage seed for a total cost of $440.00. The written order signed by plaintiff and constituting the contract of sale between the parties specifically disclaimed all warranties and limited defendant's liability to no more than the purchase price of the seed.

After filing answer, defendant submitted interrogatories to plaintiff and questioned him through deposition. Among other things, plaintiff admitted signing the purchase order. The document, attached as an exhibit to the record, is a printed form with defendant's name and address at the top; immediately thereunder are lines on which are written the buyer's name, address, order date, and shipping date. Below that, set out in regular and bold type as indicated, appears the following:

NOTICE TO BUYER: Joseph Harris Company, Inc. warrants that seeds and plants it sells will conform to the label description as required under State and Federal Seed Laws. IT MAKES NO WARRANTIES, EXPRESS OR IMPLIED, OF MERCHANTABILITY, FITNESS FOR PURPOSE, OR OTHERWISE, WHICH WOULD EXTEND BEYOND SUCH DESCRIPTIONS, AND IN ANY EVENT ITS LIABILITY FOR BREACH OF ANY WARRANTY OR CONTRACT WITH RESPECT TO SUCH SEEDS OR PLANTS IS LIMITED TO THE PURCHASE PRICE OF SUCH SEEDS OR PLANTS.

JOSEPH HARRIS COMPANY, INC. FURTHER LIMITS TO THE PURCHASE PRICE ANY LIABILITY OF ANY KIND ON ACCOUNT OF ANY NEGLIGENCE WHATSOEVER ON ITS PART WITH RESPECT TO SUCH SEEDS OR PLANTS.

By acceptance of the seeds or plants herein described the buyer acknowledges that the limitations and disclaimers herein described are conditions of sale and that they constitute the entire agreement between the parties regarding warranty or any other liability.

Below the quoted statements are vertical lines and horizontal lines on which are written in the quantity, brand, unit price and total cost of the seed purchased. Thereunder, on one of the lines is plaintiff's signature.

Plaintiff moved for summary judgment in Federal District Court. Following a hearing that court concluded, among other things, the following:

It affirmatively appears on the face of the contract for sale of the seed that the seller conspicuously excluded

any implied or express warranties of merchantability. The plaintiff offered no evidence to show that the contractual exclusion of warranties by the defendant was inoperable due to subsequent agreement or other reason. In fact, plaintiff continues to rely upon pre-Uniform Commercial Code decisions of the North Carolina Supreme Court relating to an implied warranty of merchantability and ignores defendant's reliance upon North Carolina General Statute Sec. 25-2-316(2).

It appears to a legal certainty that the plaintiff cannot recover a verdict in excess of $10,000, exclusive of interests and costs, and, therefore, federal jurisdiction is lacking under 28 USC Sec. 1332. The action is remanded to the State Court from whence it came, pursuant to 28 USC Sec. 1447(c).

Plaintiff did not appeal from the federal court order. Thereafter, defendant moved for summary judgment in the superior court. Following a hearing, that court entered a judgment concluding as a matter of law that, construed liberally, the complaint states a claim for relief based upon breach of warranty but upon no other legal theory; that defendant's disclaimer was conspicuous, was communicated to plaintiff, and formed a part of the contract; that the disclaimer effectively excluded any implied or express warranties of merchantability or fitness for purpose; that the only warranty made by defendant to plaintiff with regard to the seeds in question was that they conformed to the label descriptions as required by State and Federal Seed Laws; that defendant effectively limited its liability for breach of warranty to the amount of the purchase price of the seed, $440.00; that to a legal certainty, plaintiff cannot recover in excess of $440.00 from defendant in this action.

From partial summary judgment limiting defendant's liability to a maximum of $440.00, plaintiff appealed.

*Arnold Young and John E. Hall for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson, by Norwood Robinson and George L. Little, Jr., for defendant appellee.*

BRITT, Judge.

Did the trial court err in entering partial summary judgment in favor of defendant? We hold that it did not.

---

Billings v. Harris Co.

---

While defendant argues that the order of the federal court, from which no appeal was taken, is *res judicata* as to the issues presented on this appeal, we do not decide that question. We affirm the judgment appealed from on the ground that defendant, by the disclaimer set forth on the order blank which plaintiff signed, limited its maximum liability to return of the purchase price of the seed.

Plaintiff entered into a contract with defendant by signing the order form described above. Construction of the contract is governed by the Uniform Commercial Code as set forth in Chapter 25 of our General Statutes. On the face of the one page order form appears, in pertinent part, the following disclaimer and limitation styled, "NOTICE TO BUYER:"

"Joseph Harris Company, Inc., . . . . MAKES NO WARRANTIES, EXPRESS OR IMPLIED, OF MERCHANTABILITY, FITNESS FOR PURPOSE, OR OTHERWISE, . . . AND IN ANY EVENT ITS LIABILITY FOR BREACH OF ANY WARRANTY OR CONTRACT WITH RESPECT TO SUCH SEEDS OR PLANTS IS LIMITED TO THE PURCHASE PRICE OF SUCH SEEDS OR PLANTS."

This clause is set off from other provisions on the form and appears in bold face, all capital print. The clause also contains additional provisions for disclaimer of negligence liability as well as a merger clause rendering the form the "entire agreement between the parties regarding warranty or any other liability."

[1] Disclaimers of express and implied warranties are governed by G.S. 25-2-314 and G.S. 25-2-316. Limitation or modification is subject to the provisions of G.S. 25-2-719. A disclaimer of liability serves to limit liability by reducing instances where a seller may be in breach, while a limitation or modification is a restriction on available remedies in event of breach. To be valid under G.S. 25-2-316(2), a disclaimer provision must be stated in express terms, mention "merchantability" in order to disclaim the implied warranty of merchantability, and be conspicuously displayed. *Bulliner v. General Motors Corp.*, 54 F.R.D. 479 (E.D.N.C. 1971); *see, e.g., Tennessee Carolina Transportation Inc. v. Strick Corp.*, 16 N.C. App. 498, 192 S.E. 2d 702 (1972), *rev'd other grounds*, 283 N.C. 423, 196 S.E. 2d 711 (1973). *Compare, Zicari v. Joseph Harris Co.*, 33 A.D. 2d 17, 304 N.Y.S. 2d 918 (S.Ct. 1969),

*appeal dismissed,* 26 N.Y. 2d 610, 309 N.Y.S. 2d 1027 (1970), where a similar disclaimer was overturned in similar litigation over a similar fungus infestation due to absence of the critical term "merchantability" in one of defendant's order forms. *See generally* J. White and R. Summers, Uniform Commercial Code §§ 12-2, 12-5, 12-9 (1972).

[2, 3] G.S. 25-1-201 (10) defines "conspicuousness" as that which is "so written that a reasonable person against whom it is to operate ought to have notice of it." Determination of conspicuousness is a question of law for the court. Judge Wood determined that defendant's disclaimer and limitation clause were conspicuous; we think his determination was correct and, after examining the record and exhibits, we agree that the proofs establish defendant's compliance with G.S. 25-2-316 (2).

[4] Having established the validity of defendant's disclaimer, we next focus our inquiry on the limitation of remedy substituted by defendant. G.S. 25-2-719 (1) (a) sanctions such contractual modification and limitation of remedy in event of breach of warranty.

> "[T]he agreement may provide for remedies in addition to or in substitution for those provided in this article and may limit or alter the measure of damages recoverable under this article, as by *limiting the buyer's remedies to the return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts;* . . . . (Emphasis added.)

Taken together, G.S. 25-2-316 (2) and G.S. 25-2-719 (1) (a) provide for limitation and substitution of remedies. A merchant seller may thereby disclaim all liability under G.S. 25-2-316 (2) stemming from any breach of warranties of merchantability and fitness under G.S. 25-2-314 and G.S. 25-2-315, substituting in place thereof the limitations of G.S. 25-2-719 (1) (a). We feel that given the inherent element of risk present in all agricultural enterprises, such a clause, valid under G.S. 25-2-316 (2) and G.S. 25-2-719, may operate to limit a 'buyer's remedy to a return of purchase price. *U. S. Fibres Inc. v. Proctor & Schwartz Inc.,* 358 F. Supp. 449 (E.D. Mich. 1972), *aff'd* 509 F. 2d 1043 (6th Cir. 1975). *See, e.g.,* 3 Bender's U.C.C. Service, Duesenberg & King, Sales and Bulk Transfers § 7.03 [2] (Matthew Bender & Co. 1975). The official commentary to G.S. 25-2-719 (3) is instructive:

Billings v. Harris Co.

"3. Subsection (3) recognizes the validity of clauses limiting or excluding consequential damages . . . *such terms are merely an allocation of unknown or undeterminable risks.* The seller in all cases is free to disclaim warranties in the manner provided in Section 2-316." (Emphasis added.)

**[5]**  If a part of the contract such a clause would serve to limit plaintiff's recovery to $440.00, as determined by the trial judge and bar further recovery of any consequential damages. The viability of this provision is subject however to the unconscionability provision of G.S. 25-2-719(3) :

"Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitations of consequential damages for injury to the person in case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not."

Unconscionability relates to contract terms that are oppressive. It is applicable to one-sided provisions, denying the contracting party any opportunity for meaningful choice. *Collins v. Uniroyal Inc.*, 126 N.J. Super. 401, 315 A. 2d 30 (1973), *aff'd*, 64 N.J. 260, 315 A. 2d 16 (1974) ; *Williams v. Walker-Thomas Furniture Co.*, 350 F. 2d 445 (D.C. Cir. 1965) (Precode decision with heavy reliance on Code provisions as analogous persuasive authority). *See, e.g.,* G.S. 25A-43(c) defining "unconscionability" under Retail Installment Sales Act as " . . . totally unreasonable under all of the circumstances."

**[6]**  This section gives injured party plaintiffs in personal injury actions a prima facie presumption of unconscionability as to any disclaimer or limitation of liability. No similar presumption is provided in cases of commercial loss, thus putting the burden on plaintiff to show otherwise. Under G.S. 25-2-302(1) determination of unconscionability is a question of law for the court. We note that G.S. 25-2-302 was not a part of the Uniform Commercial Code as originally enacted by the General Assembly in 1965. However, given the unconscionability provision of G.S. 25-2-719(3) which was originally a part of Chapter 25, we elect to treat the 1971 amendment adding G.S. 25-2-302 as persuasive authority even though by express terms the act is effective to transactions and events occurring on and after 1 October 1971. *See* Session Laws 1971, c. 1055, s. 3. We feel this matter was sufficiently covered at hearing on defendant's motion for summary judgment, and after a review of the

record and exhibits hold that the provision in question was not unconscionable.

We agree that summary judgment is a drastic remedy, one to be approached with caution. Evidence before the trial judge may consist of pleadings, answers to interrogatories, depositions and presumptions where applicable. Under G.S. 1A-1, Rule 56(c) the trial judge does not sit as fact finder as is true under G.S. 1A-1, Rule 52. His function is to examine the materials, determine what facts are established, and conclude whether there is a genuine issue as to any material fact and if a party is entitled to judgment as a matter of law. *Koontz v. Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897 (1972), *rehearing denied,* 281 N.C. 516 (1972); *Kessing v. National Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971). *See generally,* Gordon, *The New Summary Judgment Rule in North Carolina,* 5 Wake Forest L. Rev. 87 (1969), W. Shuford, North Carolina Civil Practice and Procedure §§ 56-3 thru 56-10 (1975).

Thus, we have treated the judge's "findings of fact" as surplusage and conducted our own examination of the record and exhibits. We conclude that the admitted facts before the judge established defendant's compliance with the provisions of G.S. 25-2-316(2), and agree with his determination that to a legal certainty there exists no genuine issue as to any material fact, thus limiting plaintiff to recovery of purchase price of the seed.

Plaintiff contends that this case is not governed by the provisions of G.S. 25-2-316 but would rely on the decision in *Gore v. George J. Ball Inc.,* 279 N.C. 192, 182 S.E. 2d 389 (1971), and the North Carolina Seed Law, G.S. 106-277, et seq. This reliance is not persuasive in view of the logic and countervailing policy evinced by Article 2 of the Uniform Commercial Code. We note that by express provision G.S. 25-2-102 states that Article 2 in no way repeals or alters any statute regulating sales to farmers. The North Carolina Seed Law is aimed at protecting farmers by strict labeling, quality control inspections and branding regulations. The Seed Law has no effect on a nonconflicting disclaimer which governs activity beyond its scope. Indeed, G.S. 106-277.11 appears to recognize disclaimers such as defendant's which are beyond the parameters of the Seed Law.

The opinion in *Gore* was handed down before the effective date of Chapter 25 and applies precode law. The problem in

*Gore* was squarely within the labeling provisions of the Seed Law, G.S. 106-277.4 thru 106-277.7, and revolved around total failure of consideration. *Gore v. George J. Ball Co., supra* at 199, 182 S.E. 2d at 393. Thus *Gore* does not rule out the effectiveness of a properly drafted disclaimer which comports with the provisions of the Seed Law. Defendant specifically incorporates both state and federal seed laws as exceptions to its disclaimer and limitation clause. This case is further distinguished from *Gore* in that here defendant shipped the precise seed ordered by plaintiff, complying with plaintiff's request for a change in brands made four months after placement of the original order.

Plaintiff further contends that he ought not to be bound by the provisions of the Uniform Commercial Code as he is illiterate. It is admitted that he signed the order form. The law appears well settled in this State that, in the absence of fraud, duress or undue advantage tending to mislead a party, when a person affixes his signature to a document he is bound thereby. *Dorrity v. Building & Loan Ass'n,* 204 N.C. 698, 169 S.E. 640 (1933); *Davis v. Davis,* 256 N.C. 468, 124 S.E. 2d 130 (1962); *Sexton v. Lilley,* 4 N.C. App. 606, 167 S.E. 2d 467 (1969). There was no showing of fraud, duress or undue advantage tending to mislead plaintiff.

The extensive nature of plaintiff's enterprise is impressive. As stated in his complaint and established by the evidence, the scope of his operation was of such caliber as to be essentially commercial as opposed to bare minimal subsistence agriculture. Thus, we feel that plaintiff is subject to the standards of the marketplace wherein he sought to operate. *Sierens v. Clausen,* 60 Ill. 2d 585, 328 N.E. 2d 559 (1975); *Ohio Grain Co. v. Swisshelm,* 40 Ohio App. 2d 203, 69 Ohio Ops. 2d 192, 318 N.E. 2d 428 (1973); *cf., Cook Grains Inc. v. Fallis,* 239 Ark. 962, 395 S.W. 2d 555 (1965); *Loeb & Company, Inc. v. Schreiner,* 10 A.B.R. 41, 17 U.C.C. Rep. 897 (1975).

In our opinion this case is beyond the ambit of the Seed Law and is squarely within the parameters of Article 2 of the Uniform Commercial Code. The language and placement of defendant's clause was in accord with the requirements of G.S. 25-2-316(2) and not subject to the unconscionability provisions of G.S. 25-2-719(3). Thus, we hold that defendant effectively disclaimed liability for breach of warranty and substituted limitations reducing the extent of liability to return of pur-

chase price of the seed as concluded by the trial judge in his grant of partial summary judgment.

For the reasons stated, the judgment is

Affirmed.

Judges VAUGHN and ARNOLD concur.